BARBARA D. SLIFER, EXECUTRIX OF THE LAST WILL
AND TESTAMENT OF ELIZABETH M. EARL, DECEASED,
PLAINTIFF, v. JOSEPH E, JANOSKI, DEFENDANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Collins & Corbin* (*Edward A. Markley*, of
counsel).

*Contra, Walter W. Weber.*

PER CURIAM.

The defendant has a rule for new trial and in support of
the rule it is said that the learned trial judge erred in his
instructions to the jury and that the damages are excessive.

It is claimed that the charge permitted a finding against
the defendant, even though negligence or its causal relation
to the death of Mrs. Earl were not proved. We think the
charge justifies no such criticism. The learned trial judge
had with clearness charged that the action was based solely
on negligence and this was in nowise modified by the instruc-
tion first complained of. As to the proximate relation of
such negligence as the jury might find to exist to the death
of Mrs. Earl there could be no sort of doubt, and so much
was admitted by the defendant's counsel during the course
of the trial.

The damages, however, we deem excessive. The action was to recover the pecuniary loss sustained by the next of kin through the death of Mrs. Earl. Mrs. Earl was fifty-four years of age and left surviving her husband, sixty-one years old, and a son nineteen years old. Beyond the fact that they lived together, there was no proof of pecuniary loss beyond that incident to such relationship. There was an expectancy of life in the husband of fourteen to fifteen years and during this period the jury could anticipate her care of the household and could make its award accordingly. We think the award of $10,000 was too large, and if the plaintiffs will accept a reduction of the verdict to $6,000, the rule will be discharged; otherwise it will be made absolute.